IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE CARLISLE, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CITI MORTGAGE, INC., STEWART TITLE GUARANTY CO., and KNAPP AND ASSOCIATES, LLC, <br><br> Defendants. | Case No. 1:11-cv-01486-JOF |

**DEFENDANT STEWART TITLE'S MOTION TO EXTEND TIME TO
ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW
WITH SUPPORTING AUTHORITY**

Pursuant to the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, and subject to and without waiving any of its defenses Defendant Stewart Title Guaranty Company ("Defendant" or "Stewart Title"), by and through its undersigned counsel, hereby moves the Court for a fourteen (14) day extension of time, up through and including, May 27, 2011, within which to answer or otherwise respond to Plaintiff Elaine Carlisle's Complaint.

1

Plaintiff initially filed her Complaint in the Superior Court of Fulton County (Civil Action No. 2011-cv-198725) on April 1, 2011, and Stewart Title was served on April 6, 2011. The above-named Defendants jointly and timely filed their Notice of Removal on May 6, 2011, based upon the Court's federal question jurisdiction. Since Stewart Title did not answer the Complaint prior to removal, under Fed. R. Civ. P. 81(c), Stewart Title has seven days from the date the notice of removal was filed, i.e. until May 13, 2011, within which to answer or otherwise respond to Plaintiff's Complaint.

Rule 6(b) of the Fed. R. Civ. P. provides in part: "(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." As shown below, good cause for the requested extension exists, and Stewart Title has filed this motion before the original time to answer or respond to the Complaint has expired.

Plaintiff's Complaint references and relies upon several operative documents, including: a "Settlement Statement" Plaintiff allegedly received during her closing transaction that is apparently the basis of her RESPA claims (Complaint ¶¶ 10-11, 48-50, 52-53, 74, 77 ); an alleged contract between Defendant Citi Mortgage, Inc. ("Citi") and Stewart Title by which Plaintiff alleges,

"Citi contracted with Stewart to perform Plaintiff's Closing," (Complaint ¶¶ 12, 49, 73, 75, 77, 79); and an alleged contract between Stewart Title and Defendant Knapp and Associates, LLC ("Knapp"), by which Plaintiff alleges, "Stewart contracted for Knapp LLC to perform the Closing" (Complaint ¶¶ 13, 48, 50, 52-53, 73, 75, 77, 79).

Although these documents are at the heart of Counts I, II, and VIII against Stewart Title, Plaintiff failed to attach the documents to the Complaint that was served on Stewart Title. Furthermore, despite Stewart Title's own diligent efforts to locate relevant documents that may connect Stewart Title to Plaintiff's allegations, and despite a request to Plaintiff's counsel for copies of the documents referenced in the Complaint, so far Stewart Title has been unable to locate, much less review, any such documents.

Where, as here, a plaintiff refers to documents in the complaint that are central to plaintiff's case, she incorporates them into the pleadings, and a defendant may attach those documents to its motion to dismiss and a court will consider those documents part of the pleadings for purposes of a Rule 12(b)(6) dismissal. *See, e.g., Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Simpson v. Countrywide Home Loans*, 2010 WL 3190693, at *3 (N.D. Ga. April 26, 2010). As explained above, Stewart Title has thus far been

3

unable to locate these alleged documents. Stewart Title requested the referenced contracts and closing documents from Plaintiff, but as of the time of filing this motion, Plaintiff has not provided them and has not responded to Stewart Title's request for consent to an extension of time to answer.

An extension of time to answer or otherwise file a responsive pleading will permit Stewart Title the time necessary to locate and review the documents central to Plaintiff's Complaint. Review of the documents is necessary so that Stewart Title may determine both the facts needed to answer Plaintiff's allegations and any reasonable and accurate grounds Stewart Title may have for raising objections or filing a dispositive motion.

Based on all of the foregoing, Stewart Title's motion to extend the time to file responsive pleadings in this civil action by 14 days is fair, reasonable and appropriate, and would not unduly prejudice the Plaintiff. This motion is made in good faith and for good cause and not to unduly delay these proceedings.

WHEREFORE, for the reasons stated and the good cause shown herein, Stewart Title respectfully requests that the Court grant its motion and order: (1) that the time within which Stewart Title may answer or otherwise respond to Plaintiff's Complaint be extended or enlarged by fourteen (14) days, up through and including May 27, 2011; and (2) that Stewart Title has not waived any

defenses by this motion, including, but not limited to, insufficient service of process, improper venue, lack of standing, and/or failure to state a claim upon which relief may be granted.

A proposed Order is attached hereto as Exhibit A.

### CERTIFICATE OF COMPLIANCE

In accordance with LR 7.1. N.D.Ga., I hereby certify that the font and point size, Times New Roman 14 point, used in this pleading comply with LR 5.1(B).

Respectfully submitted, this 12th day of May, 2011.

SMITH, GAMBRELL & RUSSELL, LLP

/s/ *Kelley B. Gray*
    Timothy A. Bumann
    Georgia Bar No. 094535
    Kelley B. Gray
    Georgia Bar No. 214908

    Promenade II, Suite 3100
    1230 Peachtree Street N.E.
    Atlanta, Georgia 30309-3592
    Telephone: (404) 815-3500
    Facsimile: (404) 815-3509
    tbumann@sgrlaw.com
    kgray@sgrlaw.com

SIDLEY AUSTIN LLP
    Gerard D. Kelly
    *Pro Hac Vice pending*
    Kevin M. Fee, Jr.
    *Pro Hac Vice pending*

Thomas R. Heisler
*Pro Hac Vice pending*

One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel for Defendant Stewart Title Guaranty Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE CARLISLE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITI MORTGAGE, INC., STEWART TITLE GUARANTY CO., and KNAPP AND ASSOCIATES, LLC,<br><br>Defendants. | Case No. 1:11-cv-01486-JOF |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing **Stewart Title's Motion to Extend Time to Answer or Otherwise Respond to the Complaint and Incorporated Memorandum of Law with Supporting Authority** by causing the same to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing sufficient to constitute service to the following counsel of record:

| | |
|---|---|
| Christopher J. Willis, Esq.<br>Stefanie H. Jackman, Esq.<br>Rogers & Hardin LLP<br>2700 International Tower<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>*Counsel for Defendant*<br>*CitiMortgage, Inc.* | W.Bruce Barrickman. Esq.<br>Elizabeth G. Howard, Esq.<br>Barrickman, Allred & Young, LLC<br>5775 Glenridge Drive, N.E. #E100<br>Atlanta, Georgia 30328<br>*Counsel for Defendant Knapp and*<br>*Associates, LLP* |

I further certify that I have this date served a copy of foregoing motion upon the Plaintiff by depositing a copy of same in the U.S. mail in a properly addressed envelope with adequate postage to ensure delivery to:

Blair B. Chintella, Esq.
1600 Alexandria Court
Marietta, Georgia 30067

Counsel for Plaintiff Elaine Carlisle at his last known business address.

Respectfully submitted this 12th day of May, 2011.

/s/ *Kelley B. Gray*
Kelley B. Gray
Georgia Bar. No. 214908